## FINESEY, Admrx, Etc, v MINOR

Ohio Appeals, 1st Dist, Hamilton Co

No 4245. Decided May 29, 1933

Richard L. Brummer, Cincinnati, for plaintiff in error.

Frank E. O'Gallagher, for defendant in error.

ROSS, J.

This is a proceeding in error from the Court of Common Pleas of Hamilton County, to reverse a judgment of that court, affirming a judgment of the Municipal Court of Cincinnati, in favor of the plaintiffs in such Municipal Court.

The sole question presented is whether or not the deposition of a non-resident plaintiff may be used.

It is contended that a party plaintiff is not entitled to take advantage of the provisions of §11525, GC, which is:

"The deposition of a witness may be used only when it is made to appear to the satisfaction of the court that he does not reside in, or is absent from, the county where the action or proceeding is pending, or, by change of venue, is sent for trial; or that he is dead, or, from age, infirmity, or imprisonment, is unable to attend court; or that the testimony is required upon a motion, or where the oral examination of the witness is not required."

We think it is plain that at any time a party may act in the dual capacity of witness and party and that when testifying for himself he is subject to all limitations and privileges of a witness.

It is contended that there was no showing that the plaintiff was a non-resident or could not be present. Reference to the original papers filed by the plaintiff in error shows first a motion by the plaintiff in error for security for costs in which it is stated:

"1. That plaintiff was a non-resident of this county at the beginning of this action.

"2. That plaintiff still is a non-resident of this county."

And, again, in the motion to discharge an attachment, the plaintiff in error states:

"(1) Both plaintiff and defendant are non-residents of the State of Ohio, and plaintiff cannot come into Ohio and maintain an action in attachment for necessaries, the debt being incurred in a foreign state."

The deposition was properly admitted, and the judgment of the Court of Common Pleas is affirmed.

HAMILTON, PJ, and CUSHING, J, concur.